IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ABDUL J. FOWLER | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| TAMMY FERGUSON, et al.[1] | : | NO. 14-2604 |

### REPORT AND RECOMMENDATION

ELIZABETH T. HEY, U.S.M.J.                                                                October 27, 2015

This is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by Abdul Fowler ("Fowler"), who is currently incarcerated at SCI – Benner Township in Bellefonte, Pennsylvania. In his petition, Fowler alleges that the Pennsylvania Board of Probation and Parole ("Parole Board") has unconstitutionally denied him parole. For the reasons that follow, I recommend that the petition be denied.

### I.    FACTS AND PROCEDURAL HISTORY

The procedural history of Fowler's case is complicated because it involves the recalculation of a sentence imposed in 1995 and multiple violations of the terms of his parole at various times. I will present it in a chronological order for ease of discussion,

---

[1]At the time Fowler filed his habeas petition, he properly named David Pitkins, who was then the superintendent of the Benner Township State Correctional Institution ("SCI – Benner Township"), as the respondent in the case. Since that time, Tammy Ferguson has replaced Mr. Pitkins as the superintendent. See http://www.cor.pa.gov/Facilities/StatePrisons/Pages/Benner-Twp.aspx#.Vh-rD_5dHcs (last visited Oct. 15, 2015). Therefore, I have substituted Ms. Ferguson as the respondent in this case. See Rules Governing Section 2254 Cases, Rule 2 (requiring that the current custodian be named as the respondent).

citing to documents provided by the Attorney General and the relevant state court docket sheets.

On November 29, 1995, after a jury convicted Fowler of two counts of robbery and one count of carrying a firearm on a public street, the Honorable Gary Glazer of the Court of Common Pleas of Philadelphia County sentenced him to an aggregate term of 6 -to- 25 years' imprisonment.  See Commonwealth v. Fowler, CP-51-CR-0906121-1994, CP-51-CR-0909501-1994, Docket Sheets (Phila. C.C.P.) ("Docket Sheets"); Doc. 1 ¶¶ 1-6; Sentence Status Summary, Doc. 8-1 at 2.[2]

On December 18, 2000, shortly after Fowler completed his minimum sentence, the Parole Board released him on parole to a Community Corrections Center.  See Order to Release on Parole/Reparole, Doc. 8-1 at 6.  On January 11, 2002, the Parole Board recommitted Fowler as a technical parole violator to serve 18 months' backtime.[3]  On October 25, 2002, the Parole Board recalculated Fowler's maximum sentence to account for the time he was delinquent while on parole.  His new maximum date was April 5, 2020.  See Notice of Board Decision, Doc. 8-1 at 11.

---

[2]Judge Glazer sentenced Fowler to 5 -to- 20 years for each of the robbery convictions to be served concurrently, and a consecutive term of 1 -to- 5 years for the weapons offense.  See Sentence Status Summary, Doc. 8-1 at 2.  His minimum sentence was September 2, 2000, and his original maximum date was September 2, 2019.  Id.

[3]A sentence to serve "backtime" meant Fowler was not eligible for parole consideration for that 18-month period.  See, e.g., Snyder v. Pa. Bd. of Prob. & Parole, 701 A.2d 635, 636 (Pa. Commw. Ct. 1997) ("Backtime is the remaining part of a pre-existing judicially imposed sentence that a parole violator is directed to serve before again being eligible to apply for reparole on that particular sentence.") (citing Krantz v. Pa. Bd. of Prob. & Parole, 483 A.2d 1044 (Pa. Commw. Ct. 1984)).

On March 11, 2004, the Parole Board reparoled Fowler.  <u>See</u> Order to Release on Parole/Reparole, Doc. 8-1 at 13.  The Parole Board recommitted Fowler as a technical parole violator on August 19, 2004, to serve 12 months' backtime.  <u>See</u> Notice of Board Decision, Doc. 8-1 at 15.

On July 30, 2006, the Parole Board reparoled Fowler.  <u>See</u> Order to Release on Parole/Reparole, Doc. 8-1 at 18.  On November 1, 2012, the Parole Board recommitted Fowler to serve 36 months' backtime as a convicted parole violator.  <u>See</u> Notice of Board Decision, Doc. 8-1 at 20.[4]  The Parole Board noted that Fowler would not be eligible for reparole until May 5, 2013.  <u>Id.</u>  His maximum date was recalculated to November 2, 2023.  <u>Id.</u>

On July 11, 2013, the Parole Board considered and denied Fowler parole.  <u>See</u> Notice of Board Decision, Doc. 8-1 at 22.  Among the justifications listed by the Parole Board were Fowler's prior unsatisfactory parole supervision history and Fowler's minimization/denial of the nature of the offenses committed and his lack of remorse.  <u>Id.</u>

On January 21, 2014, the Parole Board considered and denied Fowler parole again.  <u>See</u> Notice of Board Decision, Doc. 8-1 at 25.  The Parole Board said Fowler's

---

[4]The distinction between a technical parole violator, who violates parole "other than by the commission of a new crime," <u>see</u> 61 Pa. Cons. Stat.  § 6138(c)(1) & (2), and a convicted parole violator is significant.  When recommitted, a technical parole violator is given credit for the time on parole (street time), <u>see</u> <u>id.</u> § 6138(c)(2); a convicted parole violator is not.  <u>Id.</u> § 6138(a)(2).

Fowler's recommitment was based on his federal conviction for conspiracy to commit bank robbery, armed bank robbery, carrying a firearm during a violent crime, and aiding and abetting.  <u>See</u> <u>United States v. Fowler</u>, 08-cr-744 (E.D. Pa.).

assessments indicated a level of risk to the community and again relied on Fowler's prior unsatisfactory parole supervision history.  Id.  Although it post-dates Fowler's habeas petition, the Attorney General has also included documentation that on December 10, 2014, the Parole Board considered and denied Fowler for parole a third time.  See Notice of Board Decision, Doc. 8-1 at 28.

On April 28, 2014,[5] Fowler filed this petition for habeas corpus.[6]  In his petitions, he complains that the Parole Board's decisions denying him parole in July 2013 and January 2014 violated his rights to equal protection, due process, and the proscription against cruel and unusual punishment.[7]  See Docs. 1 & 3.  The Parole Board has responded that Fowler's claims are meritless.[8]

---

[5]The petition was docketed on May 6, 2014.  However, the federal court employs the "mailbox rule," deeming the petition filed when given to prison authorities for mailing.  Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) (citing Houston v. Lack, 487 U.S. 266 (1988)).  Because the original petition is dated April 28, 2014, see Doc. 1 at 12 (ECF pagination), I will assume that Fowler gave the petition to prison authorities for mailing on that date.

[6]Fowler originally filed a self-styled petition for habeas corpus pursuant to section 2241.  The Honorable James Knoll Gardner to whom the case is assigned, directed the Clerk of Court to send Fowler the form for filing a habeas petition pursuant to section 2254, which Fowler returned completed on June 19, 2014.  See Coady v. Vaughn, 251 F.3d 480, 484-85 (3d Cir. 2001) (parole denial is properly presented in section 2254 petition).

[7]Because Fowler filed his petition prior to the Board's most recent decision denying him parole, I limit my discussion to the Board's July 2013 and January 2014 decisions.

[8]For purposes of review in the District Court, the Parole Board has conceded that the Third Circuit has held that claims regarding the denial of parole, other than those alleging a violation of the Ex Post Facto Clause, need not be presented to the

4

## II.   DISCUSSION[9]

All of Fowler's claims begin with the premise that he had a right to reparole when he completed the 36-months' backtime the Parole Board imposed in 2012. As will be explained, this is incorrect.

### 1.   Due Process

Fowler complains that the Board's decision to deny him reparole violates due process because "nothing substantial in the record supports the respondent Board's reasons" for denying him reparole. Doc. 1 at 8. The Parole Board responds that Fowler does not have a right to reparole. Doc. 8 at 7.

The Due Process Clause applies when government action deprives a person of liberty or property. Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979). However, the Supreme Court has repeatedly held that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Ohio Adult Parole Auth. v. Woodward, 523 U.S. 272, 291 n.2

---

Commonwealth Court. Thus Fowler need not exhaust such claims prior to seeking review in the federal court. See Doc. 8 at 5 (citing DeFoy v. McCullough, 393 F.3d 439 (3d Cir. 2005)).

[9]A Board decision denying parole that has not been reviewed by the state court is subject to de novo review in this court. See Barnes v. Wenerowicz, 280 F.R.D. 206, 217 (E.D. Pa. 2012, Report and Recommendation, Rice, M.J.) (due process claim in parole denial not subject to exhaustion – petitioner subsequently paroled so petition dismissed as moot) (citing Hunterson v. DiSabato, 308 F.3d 236, 245 n.9 (3d Cir. 2002) (applying de novo review to parole denial that had not been subject of state court appeal); see also Appel v. Horn, 250 F.3d 203, 210 (3d Cir. 2001) (in absence of state court opinion addressing claim, federal court must conduct de novo review).

5

(1998) (quoting Greenholtz, 442 U.S. at 7). Thus, absent the creation of a liberty interest in parole, a state's decision to deny parole does not create any procedural due process protections. See Kentucky Dep't of Corr. v. Thompson, 490 U.S. 454, 459-60 (1989) (two-step examination of procedural due process under Fourteenth Amendment requires existence of a liberty interest which has been deprived by the state, and constitutionally deficient deprivation procedures). Both federal and Pennsylvania courts have held that parole is not a constitutionally protected liberty interest under Pennsylvania law. See, e.g., Burkett v. Love, 89 F.3d 135, 142 (3d Cir. 1996); Rogers v. Pa. Bd. of Prob. & Parole, 724 A.2d 319, 323 (Pa. 1999). Therefore, to the extent Fowler asserts a procedural due process claim, the claim is without merit.

Under substantive due process principles, "once a state institutes a parole system all prisoners have a liberty interest flowing directly from the due process clause in not being denied parole for arbitrary or constitutionally impermissible reasons." Read v. Deloy, Civ. No. 09-539, 2012 WL 4498076, at *3 (D. Del. Sept. 27, 2012) (quoting Block v. Potter, 631 F.2d 233, 236 (3d Cir. 1980)). For example, a state may not deny parole on constitutionally impermissible grounds such as race or in retaliation for exercising constitutional rights. See Barnes, 280 F.R.D. at 218 (citing Block, 631 F.2d at 236) (liberty interests exists in not being denied parole for arbitrary or constitutionally impermissible reasons). In addition, a state may not base a parole decision on factors having no rational relationship to the purposes of parole. Block, 631 F.2d at 237. However, "[f]ederal courts are not authorized by the due process clause to second-guess

6

parole boards and the requirements of substantive due process are met if there is some basis for the challenged decision." Coady, 251 F.3d at 487.

Here, the bases for the Parole Board's decisions are clearly related to the purposes of parole. In its July 11 2003 decision, the Parole Board noted the following: (1) your need to participate in and complete additional institutional programs, (2) your risk and needs assessment indicating your level of risk to the community, (3) your prior unsatisfactory parole supervision history, (4) reports, evaluations and assessments/level of risk indicates your risk to the community, (5) your minimization/denial of the nature and circumstances of the offense(s) committed, and (6) your lack of remorse for the offense(s) committed. See Notice of Board Action, Doc. 8-1 at 22. The January 2014 denial reiterated four of the six criteria listed in the July 2013 decision. None of the cited reasons are based on constitutionally impermissible grounds, but are instead proper statutory grounds under the Pennsylvania Prisons and Parole Code. See 61 Pa. C.S.A. § 6135(a).

Fowler seems to argue that the Parole Board's reliance on these factors after he served the 36 months' backtime was necessarily arbitrary. Again, I note that Fowler does not have a right to parole at the expiration of the 36 months. Rather, the end of the backtime period "is the administrative equivalent of a recomputed minimum term signaling new parole eligibility; it does not vest any right to a grant of parole on that date." See Petty v. Pa. Bd. of Prob. & Parole, Civ. No. 10-279, 2010 WL 4321601, at *8 (E.D. Pa. Oct. 6, 2010) (Report and Recommendation, Strawbridge, M.J.) (adopted by

7

Bartle, J. Nov. 2, 2010, 2010 WL 4320414) (quoting Counts v. Pa. Bd. of Prob. & Parole, 487 A.2d 450 (Pa. Commw. Ct. 1985)).

Fowler's argument that the Board's reasoning is arbitrary is spurious. The reasoning provided by the Parole Board is clearly related to the underlying purposes of parole. For example, the Board noted Fowler's prior unsuccessful parole supervision history. There is nothing arbitrary about this. Fowler has been paroled three times, and been recommitted three times – the last time for conviction for armed bank robbery.[10] The Board's characterization of his prior parole supervision history as "unsatisfactory" is appropriate and a proper consideration in a parole decision. See 61 Pa. C.S.A. § 6135(a)(7). Thus, Fowler has failed to establish a due process violation with respect to the Parole Board's decisions denying him parole in July 2013 and January 2014.

### 2. Equal Protection

Fowler also invokes the Equal Protection Clause to allege that he was unconstitutionally denied parole. See Doc. 1 at 6-8. To establish an equal protection violation, "a party must demonstrate that he 'received different treatment from that received by other individuals similarly situated.'" Perry v. Vaughn, Civ. No. 04-934,

---

[10]When Fowler was first paroled in December 2000, he remained on parole for 13 months before being recommitted for, among other things, delinquency. See Notice of Board Decision, Doc. 8-1 at 8. When he was paroled in March 2004, he admitted to curfew violations less than five months later. See Notice of Board Decision, Doc. 8-1 at 15. Although Fowler's parole was not revoked until October 2012 after his July 2006 parole, he was charged with and pled guilty to armed robbery of a Federal Credit Union which took place on September 11, 2007, just over a year and a month after he was paroled. See United States v. Fowler, 08-cr-755, Doc. 6.

2005 WL 736633, at *11 (E.D. Pa. Mar. 31, 2005) (quoting Andrews v. City of Philadelphia, 895 F.2d 1469, 1478 (3d Cir. 1990) (quoting Kuhar v. Greensburg-Salem Sch. Dist., 616 F.2d 677 n.1 (3d Cir. 1980)). Here, Fowler has not identified any individual treated more favorably.

In his claim, Fowler argues that the Board's failure to parole him when he completed serving the 36-month backtime sentence circumvents the Parole Board's sentencing scheme. To understand Fowler's argument, it is necessary to understand the underpinnings of parole violation backtime calculations. Pennsylvania law requires that the Parole Board consider presumptive ranges of parole backtime in imposing backtime for parole violations. See 37 Pa. Code § 75.3. (Presumptive ranges are set forth in sections 75.2 – convicted parole violators and 75.4 – technical parole violators.) When the Board exceeds the presumptive ranges, the Board must provide written justification listing aggravating reasons that must be supported by substantial evidence in the record. See id. § 75.3(c) & (d). Considering Fowler's federal conviction for conspiracy, armed bank robbery, carrying a firearm during a crime of violence, and aiding and abetting, his recommitment for 36 months was within the presumptive range. See id. § 75.2 (presumptive ranges for convicted parole violators). Fowler now argues that the failure to parole him upon the expiration of the 36 months requires the Parole Board to provide written justification for exceeding the presumptive range. See Doc. 1 at 6-7. Fowler's argument is again premised on the theory that he is entitled to release when he completed serving the backtime. This is incorrect. As previously stated, the backtime or

9

recommitment period the Board imposes on parole violators simple establishes a new parole eligibility date for the parolee; it does not entitle him to release after the expiration of that period. See Krantz, 483 A.2d at 1047.

### 3. Cruel and Unusual Punishment

Finally, Fowler complains that the Board's failure to parole him at the conclusion of the imposed backtime amounts to cruel and unusual punishment. This claim fails for the simple fact that an inmate has no right to be released before the expiration of a valid prison sentence, which at this point extends until October 2023. See Greenholtz, 442 U.S. at 7; Urruita v. Pa. Atty. Gen., Civ. No. 13-577, 2014 WL 6982993, at *5 (M.D. Pa. Dec. 9, 2014) ("[T]he mere failure to allow the Petitioner to be released on parole before his maximum sentence expires . . . does not state a valid Eighth Amendment claim.") (citing Josey v. Pa. Bd. of Prob. & Parole, Civ. No. 13-43, 2014 WL 310448, at *4 (M.D. Pa. Jan. 28, 2014)); George v. Vaughn, Civ. No. 98-3, 1998 WL 188847, at *2 (E.D. Pa. Apr. 21, 1998) (denial of parole which did not extend maximum term did not violate Eighth Amendment).

## III. CONCLUSION

In his petition, Fowler challenges the Parole Board's decisions to deny him parole in July 2013 and January 2014. Because Fowler has no right to reparole and the Board's decisions were not arbitrary or capricious, and were grounded in the principles underlying parole, his claims have no merit.

Therefore, I make the following:

## **R E C O M M E N D A T I O N**

AND NOW, this    27th        day of October, 2015, IT IS RESPECTFULLY RECOMMENDED that the petition for writ of habeas corpus be DENIED.  There has been <u>no</u> substantial showing of the denial of a constitutional right requiring the issuance of a certificate of appealability.  Petitioner may file objections to this Report and Recommendation.  <u>See</u> Local Civ. Rule 72.1.  Failure to file timely objections may constitute a waiver of any appellate rights.

/s/ELIZABETH T. HEY
_____
ELIZABETH T. HEY, U.S.M.J.

11